# EXHIBIT 1

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 533-2023-02528 |

_____ and EEOC
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mrs. Kristi Kelley | 304-685-4521 | 07/19/69 |

| Street Address | City, State and ZIP Code |
|---|---|
| 945 Southpoint Circle | Morgantown, WV 26501 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| West Virginia University | 50+ | 304-293-6280 |

| Street Address | City, State and ZIP Code |
|---|---|
| 64 Medical Center Drive | Morgantown, WV 26506 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☒ AGE   ☒ DISABILITY   ☒ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest
Refer to attached Charge.
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Charge to include: Discrimination under the ADAAA and ADEA, as well as Retaliation, and the Creation of a Hostile Work Environment.

Please refer to the attached detailed Charge.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

07 / 24 / 2023   *Kelley, Kristi*
Date   Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 5 (5101)

|  | **CHARGE OF DISCRIMINATION**<br>This form Is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>[EJ] EEOC | Agency(ies) Charge No(s): |
|---|---|---|---|

_____ and EEOC
*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper Is needed, attach extra sheel(s))*:

Please refer to the attached detailed Charge.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - *When necessary for Stale and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, Information and belief.<br>SIGNATURE OF COMPLAINANT |
| 07 / 24 / 2023                    *Kelley, Kristi*<br>Date                    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

Doc ID: 5cb6839bdbf82b6918082ea145ae4cc06ff1f35f



Audit trail

| | |
|---|---|
| Title | Sean A. Casey, Attorney at Law has sent you a document to... |
| File name | Form 5 for Charge of Discrimination .pdf |
| Document ID | 5cb6839bdbf82b6918082ea145ae4cc06ff1f35f |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

**This document was requested on app.practicepanther.com and signed on app.practicepanther.com**

## Document History

**SENT**  
**07 / 24 / 2023**  
14:18:01 UTC  
Sent for signature to Kelley, Kristi (georgek804@live.com) from georgek804@live.com  
IP: 50.248.83.51

**VIEWED**  
**07 / 24 / 2023**  
17:39:50 UTC  
Viewed by Kelley, Kristi (georgek804@live.com)  
IP: 98.236.9.224

**SIGNED**  
**07 / 24 / 2023**  
17:41:01 UTC  
Signed by Kelley, Kristi (georgek804@live.com)  
IP: 98.236.9.224

**COMPLETED**  
**07 / 24 / 2023**  
17:41:01 UTC  
The document has been completed.

Powered by Dropbox Sign



Licensed in
PA & WV

July 20, 2023

EEOC
William S. Moorhead Federal Building
1000 Liberty Avenue, Ste. 1112
Pittsburgh, PA 15222

    Re:    NEW CHARGE
            Kristi Kelley v. West Virginia University
            Charge: Discrimination under the ADAAA and ADEA, Retaliation, and the Creation of a Hostile Work Environment

To Whom It May Concern:

Ms. Kristi Kelley would like to file a Charge for discrimination under the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), the Age Discrimination in Employment Act of 1967 (ADEA), as well as for retaliation, and the creation of a hostile work environment.

Ms. Kristi Kelley is a female individual of fifty-four (54) years of age. Her current residence is 945 Southpoint Circle, Morgantown, West Virginia 26501.

The employer that Ms. Kelley is filing Charges against is West Virginia University (hereinafter "WVU"), with a facility located at 64 Medical Center Drive, Morgantown, West Virginia 26505, and the mailing address for General Counsel of WVU is 105 Stewart Hall, P.O. Box 6204, Morgantown, West Virginia 26506.

EEOC
NEW CHARGE
Kristi Kelley v. West Virginia University

Ms. Kelley first began working for WVU, School of Public Health, Department of Epidemiology and Biostatistics on or about September 1, 2002, as a research instructor. Her job duties involved completing full-time research, including seeking and collaborating on the submission of applications for external resources to support her position and related research efforts.

During the Claimant's employment, she was not under any current discipline or placed on any Performance Improvement Plan. She has an excellent history of work performance and at the time of her termination she was earning $51,000.00 annually, which was 100% grant funded. Due to the Claimant's medical issues she has regarding long-haul COVID, and its sequela, she works remotely primarily at this point. This means that she does not require any office space at the University, though in the past there has been a space designated for her use. It is certainly known to the employer that the Claimant continues to suffer from symptoms of long-haul COVID, which requires an accommodation of working remotely. It is also well known that Department Chair Bethany Gibbs in particular, is not a proponent of individuals working remotely and has stated so on more than one occasion.

On May 5, 2023, the Claimant attended a Zoom meeting with several administrative personnel and legal counsel, wherein she was advised that her contract was not going to be renewed for the coming year. The Claimant was informed that her contract was not going to be renewed strictly for financial reasons. It was acknowledged that there were no issues regarding performance, productivity, or any discipline issues. As part of the discussion, Claimant's counsel did pose the query several times about the possibility of the Claimant securing some grant money

2

that could be used as compensation for the coming year. Counsel for WVU had specifically indicated at that time that they were not going to "answer a question based on a hypothetical." After said meeting, the Claimant was able to secure extramural funding in the amount of $10,000.00 to continue research that is based at least in part on a joint project. The Claimant's employment contract has always been funded by external sources, so this extramural funding she has secured would satisfy the criteria. The subcontract also had provisions for salary and fringe benefits, as well as facilities and administrative costs, ensuring that her continued employment would be at no cost to WVU. Said subcontract was approved by Interim Dean Sarah Woodrum and has already cleared by the University's Office of Sponsored Programs on or about May 26, 2023. Nevertheless, Interim Dean Erik Carlton, Interim Dean Sarah Woodrum, and Chair Bethany Gibbs, in very short and terse responses to inquiry about the coming academic year have indicated that despite funding, they will not be renewing the Claimant's contract. This of course raises many questions for my client and myself for the reason of that moving forward.

The Claimant believes the real reason she is not being renewed is due to her medical issues and necessary accommodations, given that she has secured partial funding for the coming year. The University is only obligated to pay her out of the money that she has secured through that grant. WVU gets the benefit of having a faculty member who is essentially free and has consistently performed at a level of excellence, which was recognized in her past performance reviews. Given the current situation of WVU, it would seem that they are in extreme need of persons of this caliber, who are performing at essentially no cost to the University. Without question, with all the other cuts and difficulties facing the University, maintaining as much of their

3

academic credibility as possible would be the goal. Allowing Ms. Kelley to continue in her position certainly would help to achieve that goal.

The Interim Dean Carlton, Interim Dean Sarah Woodrum, and Department Chair Bethany Gibbs have continued the denial of the Claimant's contract renewal, that was supposedly denied for financial reasons, even after the Claimant had secured funding. The Claimant and others are well aware of the fact that Dr. Gibbs is not a proponent of employees performing their work remotely, as she has stated multiple times. The Claimant requires this work accommodation, due to her medical issues that the employer is well aware of, in order to perform the essential functions of the job. The employer is no longer interested in providing this accommodation and has attempted to terminate the Claimant under the guise of financial concerns.

The Claimant is seeking compensatory damages, attorney's fees, lost wages, and any injunctive relief necessary for the elimination of any discriminatory and/or retaliatory conduct. The Claimant believes that the employer would benefit from additional education and training regarding the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), the Age Discrimination in Employment Act of 1967 (ADEA), as well as clarification of the types of conduct that would constitute as retaliation, and the creation of a hostile work environment.

Ms. Kelley would like to have this matter cross-filed with the West Virginia Human Rights Commission.

Ms. Kelley is amenable to mediation with the EEOC in this case.

4

EEOC
NEW CHARGE
Kristi Kelley v. West Virginia University

Please acknowledge your receipt and acceptance of this Charge at your earliest convenience, by way of e-mail or U.S Mail.

Respectfully Submitted,

_____
Sean A. Casey
Email: sean@caseylegal.com

I declare under penalty of perjury that the above is true and correct.

_____
Kristi Kelley, Claimant
Email: georgek804@live.com