IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg Division

KRISTI KELLEY,

            Plaintiff,

v.                                          Civil Action No. 1:24-cv-79
                                          Judge Thomas S. Kleeh

WEST VIRGINIA UNIVERSITY,
aka WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS,

            Defendant.

## REPLY IN SUPPORT OF DEFENDANT'S RENEWED MOTION TO DISMISS

Defendant West Virginia University Board of Governors ("WVUBOG" or "Defendant"), by counsel, submits this reply in support of its Renewed Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  In her initial complaint, Plaintiff asserted the following causes of action against the WVUBOG: (1) disability discrimination in violation of the Americans with Disabilities Act ("ADA") and the West Virginia Human Rights Act ("WVHRA"); (2) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the WVHRA; (3) retaliation in violation of the Family and Medical Leave Act ("FMLA"), the ADA, the ADEA, and the WVHRA; and (4) a hostile work environment based on age and disability. (ECF No. 1.) The WVUBOG moved to dismiss her Complaint in its entirety, asserting: (1) Plaintiff lacked standing to seek prospective injunctive relief because she failed to allege an imminent or ongoing irreparable harm; (2) Defendant is entitled to sovereign immunity from Plaintiff's claims of discrimination and retaliation under the ADA, ADEA, FMLA, and WVHRA; (3) the Complaint failed to state a retaliation claim under the FMLA and ADEA because it lacked allegations that

Plaintiff engaged in any protected activity under each Act; and (4) the Complaint failed to allege the severe and pervasive conduct required for a hostile work environment claim.  (ECF No. 4.)

Plaintiff chose not to respond to the arguments raised in the WVUBOG's initial Motion to Dismiss but, instead, chose to amend her Complaint. (ECF No. 6.) Specifically, Plaintiff removed all references to or claims regarding a hostile work environment, asserted new allegations of federal funding received by the Defendant in support of research, teaching, and service, and continued to assert discrimination and/or retaliation claims under the ADA, ADEA, FMLA, and WVHRA. The WVUBOG filed the instant Renewed Motion to Dismiss essentially raising the same standing, immunity, and pleading deficiency arguments raised in its prior Motion. (ECF Nos. 8, 9.)

Despite amending her Complaint presumably to address the arguments raised in the WVUBOG's initial Motion to Dismiss, Plaintiff now concedes that the WVUBOG is entitled to sovereign immunity from her claims of disability discrimination under the ADA and age discrimination under the ADEA, as well as her FMLA retaliation claim to the extent that it seeks monetary damages. (ECF No. 16 at 8-9.) Plaintiff, again, incorrectly maintains that supplemental jurisdiction allows her WVHRA claims to proceed. Plaintiff now asks to "substitute" her disability discrimination claim under the ADA with a disability discrimination claim under Section 504 of the Rehabilitation Act. Finally, Plaintiff asserts that her FMLA retaliation claim should proceed to the extent that it seeks injunctive relief and offers to provide additional allegations in support of her FMLA retaliation claim despite failing to allege that she sought or took leave for a medical condition with her employer's knowledge in the prior or current version of her Complaint.

Plaintiff attempts to create a narrative through her response that circumvents the arguments raised in the WVUBOG's Renewed Motion to Dismiss. The narrative presented by the Plaintiff in

her response, however, is not supported by the express allegations and claims made in her Amended Complaint. Plaintiff's Amended Complaint must be reviewed based on the express allegations and claims made within its four corners to determine if Plaintiff has asserted claims for which the WVUBOG is not immune and plausibly pled the requisite elements of each claim. For the reasons stated below as well as previously stated in Defendant's Renewed Motion to Dismiss, Plaintiff's Amended Complaint should be dismissed with prejudice.

### A. The Court cannot exercise supplemental jurisdiction over Plaintiff's WVHRA claims to overcome the WVUBOG's sovereign immunity.

Without citing to any supporting legal authority, Plaintiff mistakenly argues that the Court may exercise supplemental jurisdiction over her WVHRA claims despite the WVUBOG's sovereign immunity. The United States Supreme Court has made clear that the Eleventh Amendment prohibits federal courts from exercising supplemental jurisdiction over a claim against a state absent its express consent. *See Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 542 (2002) ("[W]e hold that § 1367(a)'s grant of [supplemental] jurisdiction does not extend to claims against nonconsenting state defendants."). As set forth in Defendant's Motion, the WVHRA expressly limits judicial involvement to West Virginia state courts and administrative agencies. W. Va. Code §§ 16B-17-8; 16B-17-11; 16B-17-13; 16B-17-20. Further, courts have recognized that there is "no evidence of congressional intent or action to abrogate West Virginia's immunity from suit in federal court for claims arising under the WVHRA." *Wei-Ping Zeng v. Marshall Univ.*, No. 3:17-cv-03008, 2019 WL 2571112, *6 (S.D.W. Va. Feb. 5, 2019). As the State has not expressly consented to suit in federal court for claims under the WVHRA, the Court may not override the WVUBOG's sovereign immunity and exercise supplemental jurisdiction over Plaintiff's WVHRA claims. *See Lee v. W. Va. Univ.*, No. 1:22-CV-156, 2023 U.S. Dist. LEXIS

69514, at *15 (N.D.W. Va. Apr. 20, 2023) (holding that supplemental jurisdiction cannot overcome WVU's sovereign immunity from WVHRA claims).

**B. Plaintiff's claim for injunctive relief does overcome sovereign immunity because she alleges that she is no longer employed by WVU and, therefore, cannot be subjected to ongoing or imminent harm.**

Plaintiff argues that she has standing to seek injunctive relief because it is an available remedy under the various federal and state statutes asserted in her Amended Complaint. For example, Plaintiff cites *Diaz v. Michigan Department of Corrections*, 703 F.3d 956 (6th Cir. 2013) for the proposition that a claim for reinstatement under the FMLA is not barred by sovereign immunity. (ECF No. 16 at 9.) While reinstatement is an equitable remedy that may be sought under the FMLA, Plaintiff does not seek reinstatement in her Amended Complaint.[1]  (*See generally* Am. Compl. at ECF No. 6.)

Even if Plaintiff amended her Complaint (once again) to seek reinstatement, it is not plausible to infer that WVU is subjecting Plaintiff to ongoing retaliation because the primary basis for her Complaint is the non-renewal of her employment contract. *See Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983) ("past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy."). Plaintiff does not and cannot allege that she is currently a WVU employee. Therefore, prospective injunctive relief, such as reinstatement, would not remedy any alleged ongoing violation of the FMLA, as required under *Ex parte Young* to overcome sovereign immunity. *See Butrick v. Dev. Corp.*, No. 3:23-cv-884, 2024 U.S. Dist. LEXIS 197500, at *14 (E.D. Va. Oct. 30, 2024) (holding claim for reinstatement did not overcome

---

[1] The prospective injunctive relief sought in Plaintiff's Amended Complaint includes enjoining Defendant from engaging in employment discrimination or other employment practices that interfere with employees' exercise of rights under the ADA, FMLA, ADEA, and the WVHRA and ordering Defendant to expunge all negative, discriminatory and defamatory statements or documentation from her employment records. (ECF No. 6 at 11-12.)

sovereign immunity where such relief would not remedy any ongoing violation). Moreover, "the *Ex parte Young* doctrine, which provides an exception to state immunity only applies to 'state official,'" not state entities, like the WVUBOG. *Wei-Ping Zeng v. Marshall Univ.*, 370 F. Supp. 3d 682, 690 (S.D.W. Va. 2019). In sum, because she has failed to allege any ongoing or imminent injury, Plaintiff lacks standing to seek prospective injunctive relief, whether under the FMLA or any other federal or state statute. (ECF No. 9 at 4-5.)

C.  **The Amended Complaint fails to allege that Plaintiff engaged in protected activity as required to state a claim of FMLA retaliation.**

Plaintiff contends that she has adequately pled an FMLA retaliation claim because her operative complaint alleges that she "requested to work from home remotely, and did take time off as a result of a COVID condition and its long-haul effects, which continue to affect her to this date." (ECF No. 16 at 11.)  However, Plaintiff cannot plausibly allege FMLA retaliation absent an allegation that she took time off from work due to a medical condition with the knowledge of her employer. *Twombly*, 550 U.S. at 570. The Amended Complaint merely alleges that Defendant permitted her to work remotely to accommodate her medical condition. The Court cannot consider the factual assertion presented in Plaintiff's response, which is not alleged in the Amended Complaint and only raised for the first time in response to WVUBOG's Renewed Motion to Dismiss. *See Sanders v. Bank of Am.*, No. 1:16-CV-78, 2016 U.S. Dist. LEXIS 127092, at *6-7 (N.D.W. Va. Sep. 19, 2016) ("this Court cannot consider the plaintiff's new allegations, raised in his response for the first time, in ruling on [defendant's] motion to dismiss."); *Leonard v. Starkey*, No. 1:14-CV-42, 2015 U.S. Dist. LEXIS 163882, at *9 (N.D.W. Va. Dec. 8, 2015) ("As to any new allegations or claims raised in the [plaintiffs'] response to the motion to dismiss, this Court will not consider them for the purposes of resolving the pending motion.").

Moreover, FMLA regulations provide that "employers are 'prohibited from discriminating against employees or prospective employees who have used FMLA leave' and that 'employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions.'" *Phillips v. New Millennium Bldg. Sys.*, No. 20-2095, 2022 U.S. App. LEXIS 16875, at *5 (4th Cir. June 17, 2022) (quoting *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 294-95 (4th Cir. 2009); 29 C.F.R. § 825.220(c)). The Amended Complaint is devoid of any facts that suggest Plaintiff attempted to, or in fact did, take FMLA leave.[2]  Rather, her claim arises from purportedly needing to work remotely and being discouraged from doing so. A remote work accommodation is not a protected activity under the FMLA. *See Nadler v. City of Tucson*, No. CV-20-00085, 2022 U.S. Dist. LEXIS 231947, at *19 (D. Ariz. Dec. 27, 2022) (noting, "the FMLA protects leave taken due to an inability to perform a job, while the ADA requires reasonable accommodations to allow employees to work."). Accordingly, her FMLA retaliation claim must be dismissed for failure to state a claim upon which relief can be granted.

### D. Plaintiff's requests to amend her Amended Complaint made in her response to the Renewed Motion to Dismiss are improper.

Plaintiff contends that the Court should allow her to amend her Amended Complaint to substitute her disability discrimination claim under the ADA with a disability discrimination under the Rehabilitation Act to circumvent sovereign immunity. (ECF No. 16 at 9-10.) Plaintiff also offers to amend her Amended Complaint to "add additional details necessary for the Court to make a determination as to the adequacy of Plaintiff's FMLA retaliation claim." (*Id.* at 11.) Plaintiff's

---

[2] While throughout her response to Defendant's Motion, Plaintiff claims she "took time off" and was on "interim leave," she has failed to allege in two versions of her Complaint that any leave she purportedly took while working remotely was known to her employer. Simply put, Plaintiff does not and cannot allege in good faith that she engaged in protected activity under the FMLA and that the decision to non-renew her contract was causally connected to such protected activity. *Kinsley v. W. Va. Univ. Alumni Ass'n, Inc.*, No. 1:19-CV-16, 2020 U.S. Dist. LEXIS 269662, at *9 (N.D.W. Va. Mar. 16, 2020).

multiple requests made within her response to the WVUBOG's Renewed Motion to Dismiss to amend her Amended Complaint are improper.

Federal Rule of Civil Procedure 15 provides, in relevant part, that "[a] party may amend its pleading once as a matter of course . . . ." Fed. R. Civ. P. 15(a). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(b). Here, Plaintiff has already filed an amended complaint as a matter of course pursuant to Rule 15(a) in response to Defendant's original Motion to Dismiss. As such, a second amended complaint must be requested in a motion pursuant to Rule 15(b). *See, e.g.*, *RG Steel Wheeling, Ltd. Liab. Co. v. Health Plan of the Upper Ohio Valley*, Inc., No. 5:13-CV-7, 2014 U.S. Dist. LEXIS 107108, at *29-30 (N.D.W. Va. Aug. 5, 2014) (denying request for leave to amend where separate motion nor proposed amended complaint was filed); *Brunner v. State Farm Fire & Cas. Co.*, No. 5:11-CV-40, 2012 U.S. Dist. LEXIS 85447, at *9 (N.D.W. Va. June 20, 2012) (denying request to amend complaint in response to motion to dismiss); *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (finding plaintiffs request to amend complaint in footnote of response to motion to dismiss and in objections to the magistrate judge's report and recommendation "did not qualify as motions for leave to amend").  Plaintiff's informal attempts through her response to the WVUBOG's Renewed Motion to Dismiss fail to meet these requirements.[3]

In her response, Plaintiff concedes that her ADA and ADEA claims as well as her FMLA retaliation claim to the extent it seeks monetary damages should be dismissed. Furthermore, as

---

[3] Should she seek to amend her Complaint for a second time, Plaintiff cannot meet the Rule 15 leave standard. Leave to amend should not be granted "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). The WVUBOG raised the same arguments of lack of standing, sovereign immunity, and failure to state a claim of FMLA retaliation in its initial and renewed motions to dismiss. It is readily apparent that after two bites at the apple, Plaintiff is unable to allege cognizable claims against the WVUBOG, nor should the WVUBOG be required to incur the additional time and expense to file a third motion seeking dismissal of claims to which it is immune.

4910-5769-8575.v3

demonstrated above and in the WVUBOG's Renewed Motion to Dismiss, the Court lacks subject matter jurisdiction over Plaintiff's WVHRA and FMLA claims against the WVUBOG. Moreover, Plaintiff fails to state an FMLA retaliation claim. Therefore, the WVUBOG respectfully requests that the Court grant its Motion and enter an Order dismissing Plaintiff's Amended Complaint.

Respectfully Submitted,

**WEST VIRGINIA UNIVERSITY**
**BOARD OF GOVERNORS**

By Counsel,

_/s/ Wendy G. Adkins_
Wendy G. Adkins (WVSB # 9412)
Jackson Kelly PLLC
3000 Swiss Pine Way, Suite 200
Morgantown, West Virginia 26501
Telephone: 304-284-4100
Facsimile: 304-284-4142
wgadkins@jacksonkelly.com

and

Laura H. Lorensen (WVSB # 12748)
Jackson Kelly PLLC
500 Lee Street, East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
Facsimile:  304-340-1080
laura.lorensen@jacksonkelly.com

4910-5769-8575.v3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg Division

KRISTI KELLEY,

             Plaintiff,

v.

WEST VIRGINIA UNIVERSITY,
aka WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS,

             Defendant.

Civil Action No. 1:24-cv-79
Judge Thomas S. Kleeh

## CERTIFICATE OF SERVICE

I, Wendy G. Adkins, counsel for Defendants, hereby certifies that the foregoing **"Reply in Support of Defendant's Renewed Motion to Dismiss"** was electronically filed with the Clerk of the Court using the CM/ECF system, on this 17th day of January, 2025, which will send electronic service to the following counsel of record:

Sean A. Casey
Sean A. Casey, Attorney at Law
The Pickering Building
960 Penn Avenue, Suite 1001
Pittsburgh, PA 15222

**/s/ Wendy G. Adkins**
Wendy G. Adkins, Esq. (WVSB # 9412)

9

4910-5769-8575.v3