IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KRISTI KELLEY,**

    **Plaintiff,**

  v.                                              **CIVIL NO. 1:24-CV-79**
                                                                      **(KLEEH)**

**WEST VIRGINIA UNIVERSITY and the**
**WEST VIRGINIA UNIVERSITY**
**BOARD OF GOVERNORS,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO DISMISS [ECF NO. 8]**

Pending before the Court is a motion to dismiss the amended complaint. For the reasons discussed herein, the motion is **GRANTED**.

## I.    INTRODUCTION AND PROCEDURAL HISTORY

In this employment case, the Plaintiff, Kristi Kelley ("Plaintiff"), alleges that the Defendants, West Virginia University ("WVU") and the West Virginia University Board of Governors ("WVUBOG") (together, "Defendants"), discriminated and retaliated against her based on her disability and age. On August 25, 2024, Plaintiff filed the original complaint, and on December 6, 2024, she filed the amended complaint. On December 20, 2024, Defendants filed a motion to dismiss for lack of subject matter

jurisdiction and failure to state a claim. The motion is fully briefed and ripe for review.

## II. STANDARDS OF REVIEW

### Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for lack of jurisdiction over the subject matter. "The plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted). In considering a motion to dismiss pursuant to Rule 12(b)(1), the court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. (citation omitted). The court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (citation omitted). "[Q]uestions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (citations and quotation marks omitted).

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO DISMISS [ECF NO. 8]**

### Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (citation omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Factual allegations must "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 545. Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

### III. FACTS

The following facts are taken from the amended complaint. For the purposes of deciding the Rule 12(b)(6) motion, the Court assumes that they are true.

Plaintiff began working for WVU on or about September 1, 2002, and was employed for approximately 21 years as a research instructor. Am. Comp., ECF No. 6, at ¶¶ 1, 9. Plaintiff has medical issues stemming from "long-haul COVID" and "its sequela," and WVU was aware of these issues. Id. ¶¶ 15, 18. At some point, due to her COVID-related issues, Plaintiff requested an accommodation to work remotely. Id. ¶ 15. Plaintiff then proceeded to work primarily from home and did not require any office space at WVU. Id. at ¶¶ 16, 17. During Plaintiff's employment, the new Department Chair stated multiple times that she wanted faculty to be present in person, rather than working remotely. Id. ¶¶ 19, 20.

On May 5, 2023, Plaintiff, who was 53 years old at the time, attended a Zoom meeting, during which she was advised that her contract would not be renewed for the upcoming year. Id. ¶¶ 1, 22. At the time, she was earning $51,000.00 annually, and her pay was completely grant funded. Id. at ¶ 14. Plaintiff was not under discipline, had not been placed on a Performance Improvement Plan,

and had an exceptional history of work performance. Id. ¶¶ 13, 14. Plaintiff was informed that the non-renewal of her contract was strictly based on financial reasons. Id. ¶ 23.

During the meeting, Plaintiff's counsel asked about the possibility that Plaintiff could secure grant money to use as compensation for the coming year, and WVU's counsel indicated that WVU did not want to "answer a question based on a hypothetical." Id. ¶¶ 24, 25. After the meeting, Plaintiff secured $10,000.00 to continue her research at no cost to WVU. Id. ¶¶ 26-28. Nevertheless, Plaintiff was informed that her contract would not be renewed. Id. ¶ 30.

Plaintiff asserts in the amended complaint that her employment was terminated due to her age, medical issues, and necessary accommodations. Id. ¶ 31. She brings the following claims:

- Count One: Disability Discrimination in violation of the Americans with Disabilities Act Amendment Act ("ADA") and West Virginia Human Rights Act ("WVHRA");

- Count Two: Age Discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and WVHRA; and

- Count Three: Retaliation in violation of the Family and Medical Leave Act ("FMLA"), ADA, ADEA, and WVHRA.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO DISMISS [ECF NO. 8]**

Plaintiff alleges that she has suffered and continues to suffer from lost wages and benefits, humiliation, inconvenience, mental distress, and embarrassment.  She asks the Court to enter judgment in her favor, award her damages, award declaratory relief, and award attorney's fees.  She also requests a "permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert and participation with them, from engaging in, ratifying, or refusing to correct, employment practices which interfere with the exercise of rights and/or discriminate in violation of the [ADA], FMLA, ADEA, and WVHRA[.]"  She asks the Court to "[o]rder Defendant to institute and implement training programs, policies, and practices and programs designed to ensure the Defendant provides proper leave and does not retaliate and/or interfere with those who engage in statutorily protected activity[.]"  Finally, Plaintiff asks the Court to "[o]rder Defendant to remove and expunge, or to cause to be removed or expunged, all negative, discriminatory, and/or defamatory memorandum or other documentation from the Plaintiff's record of employment[.]"

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS [ECF NO. 8]**

### IV.  DISCUSSION

Defendants have moved to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  In her response, Plaintiff agreed to dismiss her claims under the ADA and the ADEA, along with her claim for monetary damages under the FMLA.  Accordingly, the only claims that remain are those under the WVHRA and the claim of FMLA retaliation.[1]  For the reasons discussed below, the Court grants the motion to dismiss all of the claims.

**A.  Because Plaintiff complains only of past exposure to illegal conduct, she lacks standing to pursue injunctive relief.**

The judicial power vested by Article III of the United States Constitution extends only to "cases" and "controversies."  U.S. Const. art. III, § 2.  Because federal courts are courts of limited jurisdiction, a plaintiff must first establish standing in order to bring suit.  See Clapper v. Amnesty Int'l USA, 568 U.S. 398,

---

[1] In her response, Plaintiff asks the Court to allow her to amend the complaint again to "substitute" in a claim under the Rehabilitation Act.  Response, ECF No. 15, at 7.  Plaintiff also (repeatedly) asks for leave to amend if the Court finds that her asserted facts are deficient.  Having already amended the complaint once as a matter of course, Plaintiff is now required to seek the Court's leave to amend (with no agreement by Defendants).  The Court's local rules require a plaintiff to attach a proposed amended complaint to any motion to amend, so the Court denies Plaintiff's request as improper.  See LR Civ P 15.01.

408 (2013). To establish Article III standing, a plaintiff is required to show

> (1) an injury in fact (i.e., a concrete and particularized invasion of a legally protected interest); (2) causation (i.e., a fairly . . . trace[able] connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (i.e., it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

Sprint Commc'ns. Co., L.P. v. APCC Servs., Inc., 554 U.S. 269, 273-74 (2008) (citation and internal quotation marks omitted).

Plaintiff "must demonstrate standing separately for each form of relief sought" in the amended complaint. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 185 (2000) (citation omitted). "A plaintiff can satisfy the injury-in-fact requirement for prospective relief either by demonstrating a sufficiently imminent injury in fact or by demonstrating an ongoing injury." Garey v. Farrin, 35 F.4th 917, 922 (4th Cir. 2022) (punctuation, quotation marks, and citations omitted). A plaintiff seeking injunctive relief cannot rely solely on "[p]ast exposure to illegal conduct . . . unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974); see also Los Angeles v. Lyons, 461 U.S. 95, 103 (1983) ("[P]ast wrongs do not in themselves amount to that real and

immediate threat of injury necessary to make out a case or controversy.").

Here, Plaintiff alleges that she has already been separated from her employment with WVU. See Am. Compl., ECF No. 6, at ¶ 45. She is not in danger of further alleged harm by Defendants. Plaintiff cannot demonstrate a "sufficiently imminent injury in fact" or demonstrate an "ongoing injury." See Garey, 35 F.4th at 922. She complains only of "[p]ast exposure to illegal conduct[.]" See O'Shea, 414 U.S. at 495-96. Accordingly, she lacks standing to pursue prospective injunctive relief, and her request for prospective injunctive relief must be dismissed for lack of subject matter jurisdiction.

**B.  Because Defendants are arms of the State of West Virginia, they are entitled to sovereign immunity with respect to the WVHRA claims.**

The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although the Eleventh Amendment refers only to suits by citizens of other states, it is well established that "an unconsenting State is immune from suits brought in federal court by her own citizens as well as by citizens of another state." Port

Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (2009) (citations omitted). The Eleventh Amendment "largely shields States from suits in federal court without their consent, leaving parties with claims against a State to present them, if the State permits, in the State's own tribunals." Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 39 (1994).

Eleventh Amendment immunity extends to state agencies and other governmental entities that can be viewed as "arm[s] of the State." Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 n.8 (4th Cir. 2005) (citing P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) ("[A] State and its 'arms' are, in effect, immune from suit in federal court."). The Supreme Court of Appeals of West Virginia and this Court have held that WVU and the WVUBOG are arms and alter egos of the State. W. Va. Univ. Bd. of Governors ex rel. W. Va. Univ. v. Rodriguez, 543 F. Supp. 2d 526, 535 (N.D.W. Va. 2008); Syl. Pt. 1, Univ. of W. Va. Bd. of Trustees ex rel. W. Va. Univ. v. Graf, 516 S.E.2d 741 (W. Va. 1998).

There are three exceptions to sovereign immunity. First, the State may waive its right to immunity and consent to suit. Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 618–19 (2002). Second, "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO DISMISS [ECF NO. 8]**

act[s] pursuant to a valid grant of constitutional authority." Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001) (citation and internal quotation marks omitted). Third, "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004) (citing Ex parte Young, 209 U.S. 123 (1908)).

Here, none of the exceptions apply to Plaintiff's WVHRA claims. First, the State of West Virginia has not consented to being sued in federal court for violations of the WVHRA. Second, Congress has not abrogated states' immunity under the Eleventh Amendment with respect to claims under the WVHRA. Third, while Plaintiff claims to seek prospective injunctive relief, the Court has already found that she lacks standing to pursue it. Accordingly, the third exception to sovereign immunity does not apply. For these reasons, Defendants are entitled to sovereign immunity with respect to claims against them under the WVHRA. The Court lacks jurisdiction to resolve Plaintiff's WVHRA claims.[2]

---

[2] To the extent Plaintiff suggests that supplemental jurisdiction could be exercised, the Eleventh Amendment prohibits this. See Raygor v. Regents of the Univ. of Minn., 534 U.S. 533, 542 (2002) ("[W]e hold that § 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants.").

11

**C. Because Plaintiff has not alleged that she engaged in FMLA-protected activity or that Defendants knew of the activity, she has failed to state a claim of FMLA retaliation.**

"To establish a prima facie case of FMLA retaliation, a plaintiff must demonstrate that (1) [she] engaged in a protected activity; (2) [her] employer took an adverse employment action against [her]; and (3) there was a causal link between the two events." Roberts v. Gestamp W. Va., LLC, 45 F.4th 726, 738 (2022) (citation omitted). The Fourth Circuit has held that an employee cannot establish a prima facie case of FMLA retaliation where the facts are "[in]sufficient to prove that the supervisors responsible for [the employee's] termination had knowledge of [her] FMLA request." Id. at 738-39 (citations omitted). "Since, by definition, an employer cannot take action because of a factor of which it is unaware, the employer's knowledge that the plaintiff engaged in protected activity is absolutely necessary to establish the third element of the prima facie case." Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998) (citations omitted). In addition, a remote work accommodation is not a protected activity under the FMLA. See Nadler v. City of Tucson, No. CV-20-00085, 2022 WL 17960186, at *6 (D. Ariz. Dec. 27, 2022) ("[T]he FMLA protects leave taken due to an inability to perform a job, while the ADA requires reasonable accommodations to allow employees to work.").

Here, Plaintiff has not sufficiently alleged a claim of FMLA retaliation. There are no allegations in the amended complaint that Plaintiff engaged in protected activity under the FMLA, and there are no allegations showing a causal link between any protected activity and her contract non-renewal. There are no allegations that Plaintiff requested or took FMLA leave. There are no allegations that Defendants knew that Plaintiff had invoked a right under the FMLA. In fact, there are no allegations that Plaintiff ever went on leave. In her response, Plaintiff writes that she "did take time off as a result of a COVID condition and its long-haul effects," but this is not included in the amended complaint, and there is still no allegation that Defendants knew of the alleged leave.[3] Plaintiff has failed to state a claim of FMLA retaliation, so the claim must be dismissed.

## V.    CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

- Defendants' motion to dismiss is **GRANTED** [ECF No. 8];

---

[3] The Court cannot consider factual assertions presented for the first time in a plaintiff's response. See Sanders v. Bank of Am., No. 1:16-cv-78, 2016 WL 4998290, at *2 (N.D.W. Va. Sept. 19, 2016) ("[T]his Court cannot consider the plaintiff's new allegations, raised in his response for the first time, in ruling on [the defendant's] motion to dismiss.") (citation omitted).

- Plaintiff's request for prospective injunctive relief is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

- Plaintiff's WVHRA claims are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

- Plaintiff's FMLA retaliation claim is **DISMISSED WITH PREJUDICE** for failure to state a claim;

- This case is **DISMISSED** and **STRICKEN** from the Court's active docket; and

- The Clerk **SHALL** enter a judgment order in favor of Defendants with respect to the FMLA retaliation claim only.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: July 3, 2025

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA